UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RAYMOND A. JOLLY,

       Petitioner,

v.

DEPARTMENT OF CORRECTIONS
STILLWATER,

       Respondent.

Civil No. 08-920 (RHK/FLN)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action should be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of his state criminal conviction or sentence; instead he is seeking to overturn a prison disciplinary sanction that allegedly extended the term of his confinement by 75 days. (Petition, p. (2).) Petitioner claims that his constitutional rights were violated during the course of his prison disciplinary proceedings,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

and he is seeking to have the resulting sanctions vacated so that his prison term will be shortened by 75 days.[2]

However, it clearly appears from Petitioner's submissions that he has not presented any of his current claims for relief in any <u>state court</u> proceeding.  Because Petitioner has not exhausted his state court remedies, the Court will recommend that this action be summarily dismissed.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  This exhaustion of state remedies

---

[2] Petitioner's disciplinary sanctions also included a term of segregated confinement, and Petitioner seems to be trying to challenge that sanction as well.  However, Petitioner cannot challenge his segregated confinement sanction in the present habeas corpus action, because it is well settled that the federal habeas corpus statutes can be used only to challenge <u>the fact or duration</u> of a prisoner's confinement, and <u>not the conditions</u> of his confinement.  <u>See</u> <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (<u>per curiam</u>) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy").  Petitioner's assignment to segregated confinement did not extend the duration of his confinement, but only affected the conditions of his confinement.  Thus, to the extent that Petitioner is presently attempting to challenge the segregated confinement component of his disciplinary sanctions, his claims cannot be entertained here.

In theory, Petitioner could challenge the constitutionality of his segregated confinement, (or other disciplinary sanctions that do not affect the ultimate duration of his confinement), in a <u>separate</u> civil rights action brought under 42 U.S.C. § 1983.  As a practical matter, however, any such action probably would be futile, because segregated confinement normally does not implicate a prisoner's federal constitutional rights.  <u>See</u> <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003) (segregated confinement normally does not constitute the type of "atypical and significant hardship" that is needed to support a prisoner § 1983 claim), citing <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995).

requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking habeas relief in federal court.  O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition to the Minnesota state courts, brought under Minn.Stat. § 589.01.  Minnesota state appellate courts have previously recognized that this statute can be used by state prison inmates seeking judicial review of prison disciplinary proceedings. Case v. Pung, 413 N.W.2d 261 (Minn.App. 1987), review denied, Nov. 24, 1987.  See also  Burch v. Commissioner of Corrections, A05-1760 (Minn.App. 2006), 2006 WL 1738239, (unpublished opinion) at *3 ("a violation of the right to due process can be challenged under a petition for a writ of habeas corpus").

Because Petitioner has not pursued the remedy available under Minnesota's habeas corpus statutes, (including the right of appeal under § 589.29), he has failed to exhaust his

state court remedies with regard to the claims presented here.  Therefore, federal habeas corpus review is not currently available to him.

## III.  CONCLUSION

In sum, it plainly appears on the face of the petition that Petitioner's current claims for relief cannot be entertained at this time due to his failure to exhaust his state court remedies.  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases.  It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after all of his claims have been fairly presented to, and decided on the merits by, the Minnesota state courts – including the Minnesota Supreme Court.  See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[3]

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action, as required by 28 U.S.C. § 1914(a).  Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper fee, (or applied for leave to proceed in forma pauperis).  It is readily apparent, however, that this action will have to be summarily dismissed for the reasons discussed herein, and addressing the fee issue would only delay the inevitable dismissal of this action.  If Petitioner finds it necessary to file another, post-exhaustion, habeas corpus petition in this District, he should be mindful

---

[3] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

of the statutory filing fee requirement.

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily

**DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.


DATED: April 14, 2008

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 1, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.